Thank you. Good morning, Your Honors. Chief Judge Gregory. May it please the Court. Albert Lin, on behalf of the appellants. The Supreme Court has recognized that some jurisdictional rules derive from long-standing practice in American courts. In its words, a century's worth of precedent and practice in American courts can rank a practice as jurisdictional. And that is because, as the Court has also said, the Constitution established that judicial power could come into play only in matters that were the traditional concern of the courts of Westminster, and only if they arose in ways that, to the expert field lawyers, constitutes— That's really too general to begin your argument. I think if you want to start with the generality, you ought to start with the Steel Company case, which the Supreme Court talked about jurisdiction going to the power of the court to act. And in this case, the power to act is given to us under Title IX, alleging adequate cause of action under Title IX, with name, defendants, time, place, and manner all alleged in detail. And the only question is the rule that requires the naming was violated. That is not a jurisdictional question under any case that we've been able to find. Now, maybe you can address jurisdiction in the sense the Steel Company case talked about it, which goes to the power of the court to make a decision. Of course, Your Honor. But I think the question of jurisdiction goes to whether or not there's a case for controversy before the court. And when I think— Just a minute. A case of controversy is a dispute. There's a real dispute here. As a matter of fact, your client was taken before an agency and reached a settlement agreement under this dispute, and now this is a claim for damages. I mean, this case of controversy is, again, so general. There's a real case here. Well, Your Honor, what we think that the history shows is that there is no case within the meaning of Article III where the plaintiff has not put his or her true identity before the court. And I think that is ultimately the question. The identity was before the court. Everybody knew her name. They were involved in proceedings that were alleged specifically. They knew exactly her name. Every party was described by date, time, and place as to what was involved. The fact is she alleged in her complaint, I'm embarrassed. I want to maintain my privacy, and I'm going to use Jane Doe. But that violated the rules. But the fact that there was no case of controversy or that you have to have, I mean, this is not a case where a phantom is coming in with respect to a phantom event. Obviously, there's no case there. But I don't think you're getting anywhere, at least with respect to me, by arguing case of controversy in Article III. We have jurisdiction under Title IX, and there's a real incident alleged by real people against real people. And they state a cause of action under Title IX. At least you haven't challenged that. So the only issue, I think, is what is the remedy, appropriate remedy, for violating Rule 10. I understand, Your Honor. And I understand that the history may not convince you. But I think at the end of the day, that's really where this goes. We will recognize, as the other side has said, that the Connecticut Supreme Court has been very strict about jurisdictional rules. And this is obviously not a jurisdictional rule that has been adopted by Congress. We think that it's a jurisdictional rule that is evidenced by history and practice, in the sense that I think what the treatises that we've cited and the cases, including the Indiana Supreme Court and the Connecticut Supreme Court, show is that there is no case commenced. And so, therefore, there is no case. Counsel? Yes, Your Honor. Can I, I want to just talk to you a second about the historical argument. Help me, and you used the phrase, and I know you well enough to know it wasn't loosely used, true identity. And when I looked at the sources that you give, you know, you include things like it describes the proper name. Can you help me understand what you mean by that, right? So, for example, is there any suggestion that if somebody, you know, I filed a suit under Jay Richardson, even though that's not my government name, my full name is Julius Richardson, that that would somehow be a jurisdictional rule? Or perhaps I used initials, like my good friend Judge Wilkinson, who uses an initial for his first name. That might not be his proper name in a government sense, and it might not be his true identity in some sense. But is there any sort of line that's being identified here between sort of a Jane Doe and a full proper name? No, Your Honor. I think to answer your question, if, for example, you were to file a complaint with your nickname, we don't think that the history or the case law suggests that that is a jurisdictional issue. Or if you misspelled your name, for example. Why not? Because the sources you give me describe it as being my proper name, and that my nickname is not my proper name. That's true. It does discuss proper name, but it also does discuss that, you know, there are some places where the initials were appropriate. And that's why I use the phrase true identity, because I think that that's what these cases in the history is getting at, which is that the names have power. I think that's something that humans inherently recognize. I think that's evidenced by the fact that there are individuals who want to proceed pseudonymously, even though they're willing to plead other facts about the circumstances and other facts about themselves. But it's the name, ultimately, that is important. And our position here is that we until that true identity is put, is proffered to the court, the court doesn't. And I think one reason that might exist is the reasoning that's offered in the house case with respect to deceased plaintiffs, is that while you have these other allegations, you don't know whether they're tied to an actual person until that person is willing to put him or herself before the court. And it can be under seal. We're not suggesting that. One last question, then I'll let my colleagues go. So when I look at those sources, the references to true identity and proper name, they would seem to suggest that the whole practice of using Jane Doe is improper, right? And if it's a constitutional jurisdictional provision established by history, how can we ever use Jane Doe, right? What allows us to overrule that constitutional history, if it is a constitutional history requiring a proper name, in order to satisfy the jurisdictional burden? How does a motion to proceed somehow change that? I understand the tension, Your Honor. And I think that, you know, our answer to that is that the history doesn't say what a court can do about it once it, if it knows that there is indeed a true plaintiff behind the court there says, you know, we recognize that there are these circumstances where there may be reasons to allow someone to proceed pseudonymously. And so the practice should be that the individual should put that name before the court and ask for permission to proceed pseudonymously. We don't think that the history precludes that a way of dealing with what are some very real concerns that we don't deny in this case or in others. I think, you know, but doesn't that suggest, and I know I said I was going to stop, but I'm not doing it. But doesn't that suggest that it's not the jurisdictional requirement that you're describing, right? If those very sources are saying, well, yes, you can proceed under Jane Doe. You just need to file a motion before you do it, right? And there may well be really good First Amendment or common law right of access reasons for requiring the motion. But why doesn't that suggest that the quote unquote rule is not of constitutionally, jurisdictionally significant influence? And that comes back to the point that I started with, which again, I recognize is not slaying Judge Niemeyer, but that I think what the history shows, at least what our position is, is that the history shows is that to initiate that case, you need to be willing to let the court know, you know, take the steps that let the court know that you are indeed a real person. And that involves putting that name before the court. And that is the jurisdictional rule. That's the jurisdictional fact that must exist for the case. It's jurisdictional. The court, it lacks power to act on it and to authorize it. It could not be authorized as the rules do. And it just represents, I think, a misunderstanding of what jurisdiction is. It goes to the power of the court to act. And I can tell you that I once had a case where somebody, a misalleged corporations, they, juxtapositions, there were two corporations, they juxtapositioned portions of their names. So both names were inaccurate. And there were the power of the court. We sorted it out. They amended it and filed. And so you knew which party was stuck with which allegations in the complaint. But the notion that you have to put it before the court, I've never seen that either. The notion is that you have to identify it for the defendants. But when somebody's dead, it's a phantom case when somebody doesn't exist. But here, we know everything is real. In real life, there's a real dispute. There are real parties. We have a deficiency in one party used a name that was not authorized by the rules. And you're arguing that that's jurisdictional. We lack the power to even address it. Not to address the complaint. Yeah, Your Honor. And that does, it puts your, you put your finger on exactly what the question is here. And I think it really does turn on that one question. If this court thinks that it is a pleading rule, then we don't prevail here in the appeal. And if this court concludes that it is a jurisdictional rule, then we do. And again, I think the reason why, you know, our basis for arguing that it's jurisdictional is we believe that it fits within this narrow class of rules that are historical. And Judge Niemeyer, to use your words, I think the reason why it goes to the power is because, and understanding the facts are different, but because like in the House case, where there is no plaintiff, that goes to the power of the court because there is no case before it. And that is, and again, I think it really does boil down to as simple as that. I do want to make sure just to be clear, you know, we are not suggesting that this plaintiff could not ask for permission, must ask for permission at the outset, that there's a dispute between the parties. My friend has cited a number of cases where plaintiffs have asked later for permission to proceed pseudonymously. And our view on that is that you can do that. You can ask later, that would essentially cure the jurisdictional defect going forward. And the only reason that it's a problem- How can the court act on that if it's jurisdictional? I mean, jurisdiction goes to the power of the court to act. What if the complaint alleged diversity alleged the citizenship of the parties, but failed to include the jurisdictional amount? The jurisdictional allegations are defective. The court doesn't have jurisdiction until that's demonstrated. We let them amend that complaint to put in the jurisdictional amount. Yes, Your Honor. Two answers to that. The first is on the diversity point. I think that's a classic 1653 situation as my friend has noted. And that's because that's a defective allegation. There's a misstatement or a failure really to accurately describe the facts as they exist in the world. There may be, in fact, at a mountain controversy that is sufficient to satisfy diversity jurisdiction, and they just didn't include it in the complaints. That's a defective allegation. But as the Supreme Court said in Newman Green, 1653- Well, isn't that what you're claiming here? Jane Doe is the effective allegation. And matter of fact, Jane Doe alleged, this is not my real name. I am a real person, and I'm using a pseudonym to protect my privacy. That's what she alleged in the complaint. So that's a misallegation, right? Respect to your right name, you'd say we'd have jurisdiction. I don't think it is. And I think that gets to sort of fundamentally what our point here is, which is it's not simply the failure to include the name. It's the act that has not been undertaken. So for example, if you have a diverse defendant who is in fact not diverse, their place of citizenship is the same as the place of the plaintiff, that's facts in the real world where there is no jurisdiction. You can't correct that. And our contention here is that the thing that has not occurred, that did not occur at the outset, at least, but it has occurred later in this case, the thing that has not occurred is the plaintiff has not proffered her true name to the court. It's that act of putting the name before the court that gives the court the power to act. And so Judge Nimar, that's to your earlier question, how can the court act on the request? I think the request itself, once you put that name before the court, that creates the case. And then, of course, the court can then decide whether or not, under the factors in this circuit in James v. Jacobs, whether it is appropriate for the plaintiff to proceed pseudonymously. So I think that really gets to the heart of the question, which is, is this act, does it have jurisdictional consequences? I think everybody would agree that a plaintiff does not have the right to proceed pseudonymously, that it is, as the court said, it's a dispensation, and it's a rare one at that. And so really, the only question here is, of course, you have to ask permission, but does that have jurisdictional consequences? And I see my time has expired. Thank you, Mr. Lin. Mr. Singh? Thank you, Thijinder Singh, for the appellee. And I'd like to start where Judge Nimar's leftist, you know, I think it's well acknowledged that the plaintiff in this case is a real person. I just want to take a moment, Judge Nimar, to express some gratitude to you for saying it so specifically, because I have the plaintiff in the room here with me. And I cannot tell you how important it is for people in her situation to be seen as real people. And she came for that purpose. And when you think about the power of courts to act, to pursue justice for real people, I think it is quite well established that the form of the pleadings, whether the plaintiff is identified by a true name, by a nickname, by initials, or by an anonymous pseudonym, is simply immaterial. The defendants, when you look at their opening brief, they had it right the first time. On page 20, they talk about their common law history. And then they segue immediately to Federal Rule of Civil Procedure 10. And they say, this is where this principle is embodied. And we understand that to be a potential interpretation of the rule. And we've argued in our brief that Rule 10 could be interpreted to allow a pseudonymous filing and a motion to come later. That's a debate that I suppose the parties can have. But it's really not even before you today. Here, the defendants have acknowledged that they can only win if you agree with them that not only is this a defect, but a jurisdictional one that goes to the power of the court to hear the case at all. And when they talk about the law and the history, I want to make a couple of points about this. So first, the common law pleading requirements have never been held to determine the meets and bounds of Article III jurisdiction. Just to give you one really clear example, at the common law, courts required issue pleading, where plaintiffs could only present a single claim in a cause of action. Defendants can only present a single defense. That was then replaced with code pleading in the 19th century, and then with the system we have in the Federal Rules of Civil Procedure in the 20th century. But nobody would argue that Article III does not reach a case if it involves two claims and the same cause of action. Indeed, the common law pleading standards have routinely been criticized for being hyper technical and not focused on substantial justice. And so when you see what's happened with pleading generally, the evolution to notice pleading, you see that we've moved away from those and no court has ever held that this raises a constitutional concern. To the extent the common law is relevant to Article III standing, and these are the cases that the defendant cited for the first time in their reply briefs, it is because the common law can sometimes inform how particular elements of the Article III inquiry work. So for example, in the Uzug Bunam case, which was about whether nominal damages are a form of relief sufficient to satisfy Article III's redressability requirements, the court considered the common law to say yes, they are. But there is no similar precedent anywhere saying that there is some freestanding requirement drawn from common law pleading standards that you would import into Article III. In this case, the other side has traceability and redressability are satisfied. They don't have an argument that one of those isn't met. The most they've been able to say is that if you don't know the plaintiff's true name, you can't be sure whether they are met. But that is false. The complaint includes well pleaded facts, as Judge Niemeyer notes, that lay out all of these elements in detail. Those facts can be controverted. And if there is some question about whether there actually is a real person who is a person, you can have that discussion too. And if a lawyer has lied about that, they should be sanctioned. But this is not a jurisdictional question. In fact, it is exactly the type of issue that courts resolve every single day. The only other thing I'd want to say about the other side's history and common law argument is that, and they've acknowledged this candidly in their briefs, it is in the teeth of at least the last 50 years of precedent. Since Roe versus Wade, there has been, as the other side describes it, an explosion of pseudonymous filings, and courts have routinely addressed all of those as routine pleading issues under federal rule of civil procedure 10. And so there really is no argument, I think, consistent with controlling precedent that would allow you to find the issue in this case jurisdictional. The last thing I want to address before, and I'll stop if the court has no questions after this, is my colleague on the other side says that this is not the type of thing you could deal with through amendment of a complaint because there is some act that hasn't occurred, and so you don't have jurisdiction as a matter of fact. He says the act that hasn't occurred is the plaintiff hasn't given her name to the district court. But Judge Niemeyer, as your question illustrates, the same thing could be said in a diversity case. A defendant could say, well, the act that hasn't been done is telling the court where the parties reside or telling the court the amount in controversy. That's not an act outside the pleading. It's merely a description of the underlying facts. They don't like the words we use to describe the plaintiff, but there's nothing to say that the plaintiff herself is not a real person with real injuries traceable to the defendant's conduct and redressable in a federal civil rights action like this one. If the court has no questions, I'll happily turn it over to my colleague from the other side. As I said, thank you so much. Mr. Lin, you have some time reserved. Thank you, Chief Judge. I'll try to be brief. Just a couple points. The first is I do want to emphasize that there are three circuits on the other side of this issue, the sixth, the eighth, and the tenth. The tenth is obviously the first in the Gibbs case where they held that this is a jurisdictional issue where a plaintiff has not put his or her true name before the court and that that means that the case has not commenced. My second point that I did want to make is, as my friend on the other side noted, the court has said many times in recent years to the Supreme Court, including in the TransUnion case and the Yusup Unum case, that common law does inform what constitutes a case or controversy. And I don't think the line that he's drawing in terms of elements of cases or controversies is one that the court has drawn. I think it, again, as I quoted earlier, and again respectfully, Judge Nimar, just to come back to that point, I think the court has said that the Constitution's limits on cases or controversies can be informed by and can be found in the common law. And then my final point. Can you respond more specifically to your colleague's position that TransUnion and the nominal damages case that I cannot pronounce, that those are cases about informing the meaning of identified Article III elements, where what you're suggesting is that common law pleading requirements that are sort of apparently freestanding are being incorporated into Article III elements? I mean, that does seem to explain both the nominal damages and TransUnion case. Why shouldn't I that distinction? Of course, Your Honor. I think there's two answers to that. The first is, I think the principle that is followed in those Supreme Court cases is the idea that the common law informs what cases or controversies means within Article III. And in those particular cases, the way that that principle is carried out and effectuated is that it informs the kinds of injuries that would have been traditionally understood to be a case of controversy. So I don't think that there is on the face of that general rule the limitation that my friend suggests. I think perhaps his better point is the idea that not all pleading requirements and standards dictate what constitutes a case or not. And it's a fair point. And I think the distinction here is that we're talking about pleading practice and requirements for initiating a case. And that gets back to our point that we think the question here is, these are requirements for commencing a case. It is therefore not a case that within the expert field of lawyers would have been something over which the court has power to act. So I think those would be my two answers to that question. And then one final piece is, so why is the act of not telling the true identity different from the act of not telling citizenship, the sort of distinction he makes there that your colleague makes? Why isn't that correct? Of course. So in the case of the citizenship, I think ultimately the question is, under the facts that exist in the world as they really are, whether they've been pleaded in the jurisdiction, does jurisdiction exist? And so in the case of diversity jurisdiction, the facts that are relevant are, are the parties sufficiently diverse, completely diverse? And then in addition, is there a sufficient amount in controversy? And I think the issue there, if you failed to plead a certain part of that, but it is true, in fact, there is jurisdiction in the real world. And it's a misstatement. It's a defective allocation for not mentioning. It seems to me that you just basically described your case because the plaintiff is a real person with a real name and actually disclosed in her complaint that she's using a pseudonym to protect her privacy. But in reality, she is a real person. And she was just identified herself incorrectly, almost identical to what you just said. I don't understand what the distinction is. Mr. Yes, sir. You would say that an allegation could not cure a jurisdictional problem, correct? That is correct, your honor. So that means that if she said she's Jane Doe and style, it didn't identify herself, but in her allegations she did, it would still be jurisdictional because she didn't say in the style or her name? Yes, it's jurisdictional because the act that's in question is, and I understand it's a fine line. But it's a fine line that turns logic on his head. In the allegation itself, she identified herself in that. I'm sorry, your honor, I misunderstood. If she did not identify her true identity in the that the reason is it's a problem with the allegation. That's why it's not jurisdictional in terms of citizenship. Your honor, I see my time has expired, if I may. So in the instance of citizenship, it's a defective. It's the fact that the true facts in the world that create jurisdiction were not described in the complaint. The issue here is that the true facts in the world, under those facts, there is no jurisdiction. And that is because the fact that is needed is that the name has to have been put before the court. That's an act that she has not undertaken. And so therefore, there's nothing that she can say in the complaint that can change the fact that she didn't do that act. All she has to do is change her name, put the real name in. Well, you said there's nothing she can do. It's just a pleading issue. Right, barring actually undertaking the act herself. And that is, Judge Niemeyer, to your point, if she were to amend the complaint and put her name in it, that would be undertaking that act and therefore creating jurisdiction. And unless there are further questions, we'd ask the court to reverse. Thank you. Thank you, Mr. Lin. Thank you much for your arguments. We appreciate them very much. And again, we'd like to come down and shake your hands. We cannot but know that we appreciate very much your being here. We appreciate your help to the court. And I hope that you all be both safe and well. Take care. Bye-bye. Thank you.
judges: Roger L. Gregory, Paul V. Niemeyer, Julius N. Richardson